IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLISON SANCHEZ | ) 10cv3415 |
|     PLAINTIFF, | ) JUDGE |
| v. | ) MAGISTRATE JUDGE |
| | ) |
| RODALE INC., | ) |
|     DEFENDANT. | ) |

**COMPLAINT FOR MONETARY DAMAGES**

**NATURE OF COMPLAINT**

    This is a 2-count complaint by an employee against her employer alleging violations of the Americans with Disabilities Act of 1990 (ADA), Amended 2009 (42 U.S.C. Section 12112). This is an action for monetary damages. Plaintiff has been an employee of Defendant Rodale Inc. (publisher of "Healthy Lifestyle" type magazines, etc.) since 2001 in its Chicago office. Plaintiff has been diagnosed by a licensed psychiatrist with DSM IV conditions described as Acute Anxiety and Depression. These impairments substantially limit one or more of the Plaintiff's major life activities. Plaintiff alleges that she has been harassed by Defendant for having the above named disabilities. And, that since December 2009, because of Plaintiff's disabilities, Defendant Rodale has allegedly harassed Plaintiff for the purpose of trying to cause her to resign her position as well as to cause her mental anguish.

1

## JURISDICTION & VENUE

Jurisdiction of this court arises under 28 U.S.C. §§1331 and 1343(a); and the Americans with Disabilities Act of 1990 (ADA), Amended 2009 (42 U.S.C. Section 12112).

## PARTIES

(1) Plaintiff Allison Sanchez is a legal adult and a citizen of Illinois, County of Cook. She has been in the employee of Defendant Rodale since approximately 2001 in its Chicago office. Plaintiff was harmed by the defendant in Chicago, Illinois, County of Cook.

(2) Defendant Rodale Inc. with offices at 65 East Wacker Place, Chicago is a citizen of the state of Pennsylvania with its principal place of business located at 33 E Minor Street, Emmaus, PA 18098-0099 and was doing business in the state of Illinois, County of Cook at all times relevant to when it harmed plaintiff.

## FACTS

(1) Since March 5, 2001, plaintiff has been employed as a sales assistant and Advertising Sales/Marketing Coordinator for Rodale, Inc.

(2) On or about 7/28/09, plaintiff began FMLA due to her mother's sudden illness as well as to care for her father's Alzheimer's condition.

(3) At the time of the leave, Ms. Sanchez had a history of depression and anxiety and that Manager Colleen McGee was aware of the history.

(4) On November 30, 2010, there began a course of harassment by Manager Colleen McGee. And, that based on the facts, it is reasonable to conclude that plaintiff was harassed and singled out because she suffered from acute depression and anxiety for which Ms. McGee was aware.

(5) Similarly situated employees not in the protected class with the same managers were treated more favorably that defendant's manager, Colleen McGee.

(6) It appears that Rodale may have feared that plaintiff would require additional FMLA or other time off. Suddenly, the positive work environment to which plaintiff was accustomed for approximately eight years had become hostile (in particular because of actions by Ms. McGee).

(7) The harassment in violation of the ADA was severe and pervasive.

(8) The severity and pervasiveness of the harassment caused plaintiff to have to take Short Term Disability (STD) Leave starting February 2010 and that she is still on STD Leave for acute depression and anxiety for which a licensed psychiatrist asserts was caused by the severe and pervasive harassment of plaintiff by Ms. McGee. (Plaintiff had a history of depression and anxiety; however, after Ms. McGee's actions, as an Agent of Rodale, Ms. Sanchez now had "actual" severe depression and anxiety.)

(9) The harassment in violation of the ADA was severe and pervasive as evinced by the following incidents (not an inclusive list): A. On or

about Dec 18, 2009, Ms. McGee demanded that plaintiff prepare and mail out approximately 900 in three days in addition to plaintiff's daily duties.  B.  In January 2010, Request for Proposals were due.  Relevant data from Marketing was required before plaintiff could have a complete RFP turned into Ms. McGee.  Ms. McGee punished plaintiff, although, plaintiff's RFP was complete, but lacking Marketing data that the Marketing department did not send.  Similarly situated co-worker Gena Grish turned in an incomplete report and was not punished; and

C.  Plaintiff is responsible for submitting Ms. McGee's Expense Reports.  Ms. McGee failed to provide a receipt for her January 2010 car rental.  As is standard practice, an Expense Report is submitted when it is complete.  Now, with Rodale's goal to rid itself of person (plaintiff) with a diagnosed disability, plaintiff was punished for telling Ms. McGee that the report could not be submitted;  D.  In February 2010, plaintiff went to her desk and found that all of her belongings and office related things has been removed from on and within her desk.  Plaintiff would learn soon after that Ms. McGee was responsible for this action.

(10)   Although, not terminated by Rodale, on 04/20/2010, plaintiff was informed that her employment was no longer available to her and that position had been filled.  Plaintiff has not been given notification of an alternative position being available to her.

4

(11)     On April 26, 2010, plaintiff filed a complaint with the United States Equal Employment Opportunity Commission alleging discrimination in violation of the ADA.  (Charge # 2010-440-03788).

(12)     On May 20, 2010, the EEOC issued a Right-To-Sue Letter.

(13)     Plaintiff files this Complaint within 90 days of having received a Right-To-Sue Letter from the EEOC.

*Plaintiff hereby makes a Jury Demand.

## COUNT I: VIOLATION OF ADA

(1)     Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.

(2)     Plaintiff has mental impairment that substantially limits one or more major life activities[1] and that Defendant Rodale was aware of said disability at all times relevant to this Complaint.

(3)     Plaintiff has a record of such an impairment to which Defendant Rodale is aware.

(4)     Plaintiff is regarded by Defendant Rodale as having such an impairment.

(5)     Defendant has subjected to plaintiff to terms and conditions of employment different from those for similarly situated individuals not in

---

[1] Eating, Sleeping thinking and interacting with others.

5

the protected class. (Differences include, timelines for assignments; the contents of assignments; and that those not in the protected class are treated more favorably).

(6) Differential treatment, punishment, and adverse employment action (filling plaintiff's position without providing her with another) was motivated by the employer's discriminatory animus.

(7) Plaintiff was harmed (to include, loss of employment opportunities; loss of wages; and loss of promotion; loss of weight; loss of sleep; and has had "Anxiety Attacks").

(8) The aforementioned conduct was the proximate cause and substantial factor in causing plaintiff's harm.

WHEREFORE, and that there is sought, judgment against defendant for actual, general, special, compensatory damages in the amount of $27,000, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $5,000.00, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT II: HOSTILE ENVIRONMENT

(1) Plaintiff repeats, re-alleges and incorporates by reference, all aforementioned paragraphs, specifically, the statements in the FACTS section of this Complaint, with the same force and effect as if herein set forth.

6

(2)     Based on plaintiff's documented disabilities, Defendant Rodale has subjected plaintiff to a hostile (abusive) work environment.

(3)      Plaintiff Sanchez was subjected to unwanted harassing conduct to include that Defendant Rodale removed from her desk and workspace: her personal belongings and items that she needed to perform her job functions.  And, that defendant has subjected plaintiff to terms and conditions of employment different from those for similarly situated individuals not in the protected class. Differences include, timelines for assignments; the contents of assignments; and that those not in the protected class are treated more favorably. The differential treatment, punishment, and adverse employment action (filling plaintiff's position without providing her with another) was motivated by the employer's discriminatory animus and intended to cause her to have Anxiety Attacks among other emotional responses, with the ultimate goal of causing her to resign her employment.  By example, requiring her to prepare and mail approximately 900 Christmas cards in 3 days on top of her daily employment duties.

(4)     The harassing conduct was severe and pervasive.

(5)     A reasonable person in plaintiff's circumstances would consider the work environment to be hostile or abusive.

(6)     Plaintiff considered the work environment to be hostile and abusive.

(7) Plaintiff's supervisor, Colleen McGee, engaged in the harassing conduct.

(8) Plaintiff´s supervisor engaged in the harassing conduct that caused a hostile work environment.

(9) Defendant knew or should have known of the conduct of its supervisors but failed to take immediate and appropriate corrective action.

(10) Plaintiff was harmed (to include, loss of employment opportunities; loss of wages; and loss of promotion; loss of weight; loss of sleep; and has had "Anxiety Attacks").

(11) The aforementioned conduct was the proximate cause and substantial factor in causing plaintiff's harm.

WHEREFORE, and that there is sought, judgment against defendant for actual, general, special, compensatory damages in the amount of $27,000, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $5,000.00, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Respectfully Submitted, June 3, 2010
s\Christopher Cooper, ESQ., PHD.
Counsel for Plaintiff
US District Court for Northern Illinois Bar  No.: 2123245
Law Office of Christopher Cooper, Inc.
3620 WEST 80TH LANE, MERRILLVILLE, IN  46410
Tel: 312 371 6752 or 219 228 4396  FAX: 866 334 7458;  E-Mail: cooperlaw3234@gmail.com

Plaintiff, by her signature below, swears that he has read the foregoing Complaint; has understood it to the best of her ability. She states under penalty of law that based on her understanding of the Complaint, the contents are truthful, accurate and are based on her best recollection of the events described.

Plaintiffs' Signature: s\Allison Sanchez, June 3, 2010 (Hard copy signature will be filed as a separate document on ECF)

_____